IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| B.L.M., | : |
|        Plaintiff, | : |
| VS. | : |
| | :   1 : 23-CV-158 (TQL) |
| Commissioner of Social Security, | : |
|        Defendant. | : |

# ORDER

Plaintiff filed this Social Security appeal on September 12, 2023, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d

1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff's application for disability benefits was filed in July 2017. (T-85-188). This application was denied initially and upon reconsideration. (T-61, 77). Following a hearing before an ALJ, the ALJ issued an unfavorable decision in December 2018. (T-7-26). The Appeals Council denied review. (T-1-6). Plaintiff filed an appeal in this Court, and the Court reversed and remanded the Commissioner's decision. *B.M. v. Commissioner of Social Security,* Civil Action No. 1 : 19-CV-57 (TQL) (M.D.Ga.

September 4, 2020). The Appeals Council remanded the case to the ALJ, who determined that Plaintiff became disabled on January 6, 2020, but was not disabled prior to that date. (T-1342). On June 2, 2022, the Appeals Council issued a decision remanding the case to the ALJ for a second time, finding that the ALJ had failed to provide adequate rationale for the conclusion that Dr. du Toit's opinion did not support a finding of disability for the entire period under consideration. (T-1354-1355). On April 5, 2023, a new ALJ issued a decision addressing only the period from April 20, 2017 through January 5, 2020. (T-1189-1208). The ALJ determined that Plaintiff had not been under a disability from April 20, 2017, the alleged onset date, through January 5, 2020. (T-1208). The Appeals Council denied review, making the ALJ's April 5, 2023 decision the final decision of the Commissioner. (T-1178-1182).

***Statement of Facts and Evidence***

Plaintiff, born on August 4, 1964, was 58 years of age at the time of the latest decision from the ALJ. (T-226). Plaintiff alleges disability since April 20, 2017, due to diabetes, hypothyroidism, carpal tunnel syndrome, bilateral pes planus (flat feet), degenerative arthritis, degenerative disc and joint disease, chronic issues with cervical and lumbar spines, and depression. (T- 221, 230). Plaintiff completed the 12th grade and has past relevant work experience as an airline ramp agent and an airline tower coordinator. (T-231).

As determined by the ALJ, Plaintiff suffered from severe impairments in the form of osteoarthritis, degenerative disc disease, diabetes mellitus, and carpal tunnel syndrome. (T-

1192). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, but had the residual functional capacity to perform sedentary work with certain restrictions for the time period April 20, 2017 through January 5, 2020. (T-1195-1196). The ALJ found that Plaintiff could perform his past relevant work as a Chief Controller and was not disabled. (T-1207-1208).

## DISCUSSION

Plaintiff contends that the ALJ erred in assessing the persuasiveness of the opinion of treating physician Dr. Woodward. Plaintiff contends that the ALJ selectively ignored and chose evidence to find that Dr. Woodward's opinion was unsupported by and inconsistent with the record evidence.

As Plaintiff's claim for benefits was filed after March 27, 2017, new regulations apply to the consideration of medical opinions. *See* 20 C.F.R. § 404.1520c.

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.

*Matos v. Commissioner of Social Security*, 2022 WL 97144, *4 (11th Cir. 2022).

The only period under consideration herein is April 20, 2017 through January 5, 2020.

In a Pain Evaluation dated March 10, 2018, Dr. M. Woodward stated that he began treating Plaintiff in April 2017, and that "[g]iven the level of [degenerative] pain , I don't think the patient can work." (T-1141). Dr. Woodward went on to provide physical limitations for Plaintiff based on side-effect inducing medications, right shoulder, cervical and lumbar spine, left knee and hip pain, and an unidentified MRI. (T-1142-1145).

The ALJ

> considered the opinion of M. Woodward, M.D. dated March 10, 2018. Dr. Woodward opined that the claimant had extreme limitations due to back, neck, knee, hip, hand, wrist, and shoulder impairments. He opined the claimant's pain was severe enough to interfere with the claimant's attention and concentration to perform simple tasks for 34 to 66% of an eight-hour workday. He opined that the claimant was limited to sitting for thirty minutes at a time for two hours total in an eight-hour workday; standing/walking for thirty minutes at a time for a total of one hour in an 8-hour workday, and a [sic] need to rest or lie down for five hours in an eight-hour workday. He opined that the claimant was unable to grasp, push, pull, or perform fine manipulations with his bilateral hands and unable to perform repetitive movements with his bilateral feet with no ability to perform any postural maneuvers at all. . . His statement that the claimant could not work is an opinion on an issue reserved to the Commissioner that is neither valuable nor persuasive. The undersigned found the remaining opinions to be unpersuasive. The opinions were not well supported by objective findings in his treatment records as no treatment records of Dr. Woodward were submitted. Further, the reduced grip strength, atrophy, and inability to perform rapid alternating movements were not noted by his other treatment providers during the applicable period who noted no such deficits and were inconsistent with the findings of Dr. Williamson noted above just two months prior to the opinion date. Accordingly, his opinion was unsupported by objective

5

>   findings other than described above and without an indication of
>   when such significant findings were noted, their recitation
>   provides minimal support. For these reasons, the opinion is not
>   well-matched with the complete objective record, and it is
>   inconsistent, also, [with] the claimant['s] activities of daily
>   living[], as well as the opinion of Dr. Williamson that the
>   claimant retained the capacity to perform a range of work at a
>   sedentary exertional level.

(T-1204).

Essentially, the ALJ found that Dr. Woodward's March 10, 2018 opinion was inconsistent with and not supported by the objective medical record and was inconsistent with Plaintiff's activities of daily living.

Contrary to Plaintiff's assertions, the ALJ provided reasons for finding the opinions of Dr. Woodward less than fully persuasive, reasons which focus on supportability and consistency and are supported by substantial evidence. The ALJ's findings that the opinions issued by Dr. Woodward were not fully persuasive are supported by substantial evidence. The ALJ discussed the supportability and consistency of Dr. Woodward's opinions and provided specific reasons to find the opinions less than fully persuasive, based on the inconsistencies with the objective medical record, the lack of objective medical records to support the conclusions, and Plaintiff's daily activities.

In regard to supportability, and as noted by the Commissioner, Plaintiff failed to submit any treatment records from Dr. Woodward, and it is not clear which treatment records Dr. Woodward is relying on in his March 2018 findings. Despite a specific order from the ALJ

6

to provide treatment records from Plaintiff's treating physician Dr. du Toit, the only records produced provided no detail of treatment. (T-1198, 1751-1762). Plaintiff did produce a letter dated March 25, 2021 from Dr. du Toit, wherein a summary statement of treatment for neck and back pain was presented. (T-1730). The record was also held open for Plaintiff to submit treatment notes from the time he lived in South Africa, but he ultimately did not do so. (T-1198, 1200). The objective medical record did not support the findings of disabling conditions issued by Dr. Woodward. Instead, the medical record showed that Plaintiff had limited treatment during the time period under question for his neck, back or shoulder pain, with significant gaps in the treatment record during Plaintiff's relocation to South Africa, and diagnostic imaging showing no acute pathology. (T-329, 330, 1198). Veterans Affairs treatment records between April 20, 2017 and January 5, 2020 show normal findings with continued reports of "aches and pains" from Plaintiff, with "flares from time to time". (T-796, 797).

In regard to consistency, the ALJ provided a detailed analysis of the objective medical record, which showed some findings of physical limitation, but not to the level reported by Dr. Woodward. (T-1196-1207). Plaintiff's daily activities included light cleaning and laundry, cooking, managing funds, dressing, as well as multiple flights to South Africa during the period in question. (T- 246-247, 1235). The ALJ provided specific reasons as to why Dr. Woodward's opinion was not supported by and was inconsistent with the objective medical record, reasons which are supported by substantial evidence.

7

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 22nd day of April, 2024.

                                          s/ *THOMAS Q. LANGSTAFF*
                                          **UNITED STATES MAGISTRATE JUDGE**